# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1855, AT LENOX.

PRESENT:

Hon. LEMUEL SHAW, CHIEF JUSTICE.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } JUSTICES.
Hon. BENJAMIN F. THOMAS.

## COMMONWEALTH *vs.* LOUIS LAFONTAINE.

A complaint on *St.* 1855, *c.* 215, which charges the defendant with selling intoxicating liquors, "without having any legal appointment or authority therefor," sufficiently negatives the defendant's right to sell in any mode permitted or not prohibited by the statute.

A COMPLAINT, made before a justice of the peace, on the 23d of June 1855, alleged that the defendant, at Washington in this county, on the 16th of said June, " not being duly appointed by the said town of Washington as agent of said town to sell therein intoxicating liquors, and not having any legal appoint-

ment or authority to sell intoxicating liquors in said town, did then and there sell to one Nelson Rivault a quantity of intoxicating liquors, to wit, one pint of brandy—said liquor not being cider for other purposes than that of a beverage, nor the fruit of the vine for the commemoration of the Lord's Supper—against the peace of the Commonwealth, and the form of the statute in such cases made and provided."

At the trial in the court of common pleas, before *Bishop,* J., the defendant moved to quash the complaint, " because it sets forth no offence ; it does not allege that the sale was in violation of the provisions of the act of 1855. The complaint does not allege that the sale was not one of those permitted by the act. It does not allege that the liquor sold was not liquor the right to sell which is given by some law of this commonwealth." But this motion was overruled. After verdict of guilty, the defendant moved in arrest of judgment, for the reasons set forth in the motion to quash; but this motion also was overruled. The defendant alleged exceptions.

*J. E. Field,* for the defendant. This complaint only negatives the defendant's "legal appointment or authority to sell intoxicating liquors." The words " appointment or authority," used together, have the same meaning as in *St.* 1852, *c.* 322, §§ 12, 14, and refer only to appointments as town agents, or licenses from county commissioners. But a new provision was inserted in *St.* 1855, *c.* 215, § 2, not contained in *St.* 1852, namely, that the act should not be construed to forbid sales by importers, in the original packages, &c., nor by druggists, for medicinal purposes only. Such sales are not under any " legal appointment or authority " conferred upon the seller, but are simply declared not to be unlawful. This complaint is therefore defective, because it does not negative all the circumstances of exemption and modification contained in the statute. *Commonwealth* v. *Hart,* Suffolk, March 1853.

*J. H. Clifford,* (Attorney General,) for the Commonwealth, relied on *Commonwealth* v. *Hart,* above cited; *Commonwealth* v. *Wilson,* Middlesex, 1853 ; *Commonwealth* v. *Murphy,* 2 Gray, 510 ; *Commonwealth* v. *Baker,* 10 Cush. 405.

DEWEY, J.   The defendant insists that a negation of " author-
ity to sell intoxicating liquors " extends no further than to cases
of persons not having an appointment to sell as agents of the
town, or in some form authorized by the acts of an appointing
power, or some direct authority conferred on them personally.
But, in the opinion of the court, this is too narrow a construc-
tion of the allegation.   Authority to sell such liquors may as
well be derived directly from the general law, operating upon
all citizens under the same circumstances, as from an appoint-
ment or license, by an authorized tribunal, to the individual.
Authority to do a thing is having the legal power or right so to
act.   The first section of the statute upon which this complaint
is founded, is certainly in accordance with the construction that
" authority " to sell embraces all the various forms under which
a legal right to sell may exist.   It declares it to be unlawful and
criminal for any person to sell any intoxicating liquor, " unless
he is duly authorized so to do, as is hereinafter provided."   The
term " duly authorized," as here used, clearly embraces all the
various cases of legal sales under the provisions of the act, under
whatever form they may be authorized—whether by appoint-
ment as town agents; or under the provisions authorizing the
manufacture and sale of intoxicating liquors under the approval
of the county commissioners, upon a special application to them
for that purpose ; or lawful sales made without any special au-
thority or appointment therefor, by importers of liquors of foreign
production, or by druggists to other druggists, apothecaries and
physicians, for medicinal purposes.        *Exceptions overruled.*[*]

---

[*] A similar decision was made in Middlesex, October term 1855, in the case
of COMMONWEALTH v. BARNEY MCSHERRY, in which the indictment alleged
that the defendant, at Watertown on the 20th of May 1855, and at said Water-
town from that day to the day of finding this indictment, " without then and
there having any license, appointment or authority therefor, first duly had and
obtained according to law, was then and there a common seller of spirituous and
intoxicating liquors, against the peace of said commonwealth, and the form of
the statute in such case made and provided."

*J. G. Abbott*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.